UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTECH DIAGNOSTICS, INC.,**

      **Plaintiff,**

v.                                                                             Case No.  8:11-cv-2810-T-24AAS

**RONALD W. COOPER, D.V.M., P.A.,
MICHAEL J. KERN, and VICKI S.
SALTON,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff/Judgment Creditor Antech Diagnostics, Inc.'s ("Plaintiff's") **Second Motion to Implead CrownCooper, LLC and File Supplement Complaint**. (Doc. 31).[1] Plaintiff moves to institute supplemental proceedings to implead CrownCooper, LLC ("CrownCooper"), a non-party to this action.  Defendant Ronald W. Cooper, D.V.M., P.A. ("Defendant DVM") has not filed a response to the motion and the time to do so has passed.[2]  A

---

[1] Plaintiff's first Motion to Implead Crowncooper, LLC and File Supplement Complaint (Doc. 26) was denied for failure to assert jurisdiction. (Doc. 27).

[2] The motion's certificate of service states that a copy of the motion "was served via regular U.S. Mail to Ronald W. Cooper, registered agent of RONALD W. COOPER, DVM, P.A. D/B/A ANIMAL CARE CENTER OF WEEKI WACHEE, on [the] 19th day of July, 2016." (Doc. 31 at 6).

telephonic hearing was held on the motion on September 8, 2016.[3] Upon consideration, it is recommended that the motion be granted.

## I. Background

On December 21, 2011, Plaintiff, a California business entity, brought suit against the corporate and individual defendants named in this case for breach of contract. (Doc. 1). Because Defendant DVM failed to appear, plead, or otherwise defend as provided in the Federal Rules of Civil Procedure, the Clerk entered default against Defendant DVM on February 21, 2012. (Docs. 7, 9). On September 10, 2012, Plaintiff moved for default judgment as to Defendants DVM and Vicki S. Salton. (Doc. 22). On September 11, 2012, this Court granted Plaintiff's motion for default judgment (Doc. 24), and on September 12, 2012, the Clerk entered default judgment against Defendants DVM and Vicki S. Salton in the amount $97,711.34 (Doc. 25). Plaintiff sought to collect the $97,711.34 against Defendant DVM through a writ of execution (Doc. 30) which was served on Defendant DVM on October 28, 2016 (Doc. 39).

Unsuccessful in its collection attempts, Plaintiff now moves the Court, pursuant to Federal Rule of Civil Procedure 69 and Section 56.29 of the Florida Statutes, to institute supplemental proceedings to implead CrownCooper, a non-party to this action and the entity to which Defendant DVM allegedly transferred all of its material assets. (Doc. 31 at 2).

## II. Discussion

Rule 69 provides: "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court

---

[3] The Court notes that, although not noted in the hearing minutes, a review of the hearing audio recording reveals that Ronald W. Cooper, D.V.M., appeared telephonically at the hearing. Additionally, attorney Suzanne Suiter appeared telephonically at the hearing, representing CrownCooper, LLC.

is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Florida Statutes Section 56.29 imposes two jurisdictional requirements for supplementary post-judgment proceedings: (1) an unsatisfied writ of execution, and (2) an affidavit affirming that the writ is valid and unsatisfied along with a list of persons to be impleaded. *See* Fla. Stat. § 56.29; *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997); *Zurich Servs. Corp. v. Prof'l Mgmt. Grp.,Inc.*, 8:13-cv-1896, 2015 WL 2084733 (M.D. Fla. Apr. 30, 2015) (citing *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F. Supp. 1516, 1518 (S.D. Fla. 1988)). "Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them and to afford them the essential elements of due process." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294-CIV, 2011 WL 915669, at *2 (S.D. Fla. Mar. 16, 2011). Impleading does not, however, imply liability on the part of the impleaded third party. *Id.* Instead, consistent with the requirements of due process, the third party will have an opportunity to raise any defenses and protect their interests. *Id.*

Plaintiff states, through its affidavit of Brian Brown,[4] that a writ of execution was entered in this case, that Plaintiff has not collected anything on the judgment, and that the amount due as of June 16, 2016, including post-judgment interest, is $98,338.13. (Doc. 31 Ex.1 at 2). The record in this case shows a writ of execution was issued. (Doc. 30). While the writ had not been executed at the time Plaintiff filed the motion, the writ was recently executed, thereby remedying that deficiency. (Doc. 39). Further, as Defendant DVM has not filed a response to the motion, Defendant DVM has not contested Plaintiff's satisfaction of the requirements set forth by Section 56.29(1), Fla. Stat.

---

[4] The affidavit identifies Mr. Brown as the Controller of Antech Diagnostics, Inc. (Doc. 31 Ex. 1 at 2).

Accordingly and upon consideration, it is **RECOMMENDED** that Plaintiff's Second Motion to Implead CrownCooper, LLC and File Supplement Complaint (Doc. 31) be **GRANTED**. Additionally, as there is no address for Defendant DVM on the docket, Plaintiff shall immediately send a copy of this Report and Recommendation to Defendant DVM and file a notice of compliance on the docket.

**Date: November 4, 2016.**

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge